UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT MCKRETH,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:22-cv-00588-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DENYING MOTION TO DISMISS AS UNNECESSARY<br><br>(ECF Nos, 1, 7) |

Plaintiff Wilbert McKreth is appearing pro se and in this civil rights action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-80.

On May 17, 2022, the United States removed this action to this court which was initially filed in the Merced County Superior Court and paid the filing fee. On May 24, 2022, the United States filed a motion to dismiss the complaint. However, as explained below, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915, notwithstanding removal, and the motion to dismiss is therefore unnecessary and shall be denied.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court

1

must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

The court must dismiss a case if, at any time, it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## II.
## SUMMARY OF ALLEGATIONS

On November 21, 2021, officer J. Ciprian filed a report stating that Plaintiff stole the "Original African Heritage Study Bible." However, Plaintiff submits that the was exonerated of the report on November 24, 2021. Plaintiff claims that on November 29, 2021, officer Ciprian "started yelling for all to hear" that Plaintiff is a thief. Plaintiff further contends that on January 8, 2022 and January 10, 2022, officer Ciprian "slandered [his] name" and uttered a false report.

///

## III.

## DISCUSSION

### A.     Exhaustion of Administrative Remedies

Pursuant to 28 U.S.C. § 2675(a), prior to filing a tort suit against the United States, the FTCA requires the exhaustion of administrative remedies. 28 U.S.C. § 2675(a) ("claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail"); McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). A claimant is required (1) to present the claim to the appropriate Federal agency; and (2) the Federal agency must have finally denied the claim in writing and sent by certified or registered mail so as to make a final disposition of the claim or failed to make such a final disposition within six months after being filed by the claimant. 28 U.S.C. § 2675(a); see Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992) ("We have repeatedly held that this 'claim requirement of section 2675 is jurisdictional in nature and may not be waived.' ") (citing Burns v. United States, 764 F.2d 722, 724 (9th Cir. 1985)).

Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); A.Q.C. ex rel. Castillo v. United States, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 720 (2d Cir. 1998)). A plaintiff may thereafter challenge the agency's final denial in federal district court by filing an action within six months of the date of the mailing of the notice of final denial by the agency. See 28 U.S.C. § 2401(b). If the appropriate federal entity does not make a written final determination within six months of the date of the plaintiff's filing of the administrative claim, the claimant may then bring a FTCA action in a federal district court. See 28 U.S.C. § 2675(a). Administrative exhaustion, is "jurisdictional, [and] cannot be waived." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005).

If the plaintiff fails to first present his claim to the appropriate agency and exhaust administrative remedies, then the plaintiff's tort claims must be dismissed. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (citing McNeil v. United States, 508 U.S. 106,

113 (1993)); Foster v. Fed. Emergency Mgmt. Agency, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [exhaustion] results in dismissal of the suit.").

    Here, Plaintiff's complaint is devoid of any allegation or evidence that he presented an administrative claim prior to filing suit.   Accordingly, Plaintiff has failed to state a cognizable claim under the FTCA.  Nonetheless, for the reasons explained below, Plaintiff's claims fail as a matter of law.

    **B.**    **Subject Matter Jurisdiction**

    "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA can serve as a waiver of sovereign immunity for certain tort claims. 28 U.S.C. § 1346(b)(1). However, "Congress was careful to except...several important classes of tort claims." Chadd v. United States, 794 F.3d 1104, 1108 (9th Cir. 2015). This includes claims for libel or slander, which the Ninth Circuit has interpreted as including claims of defamation. Sabow v. United States, 93 F.3d 1445, 1457 (9th Cir. 1996) (noting that defamation is "an excepted tort" under 28 U.S.C. § 2680(h)); see also Head v. United States, 2020 WL 7240432, at *1 (9th Cir. Dec. 9, 2020) (looking beyond the label used by plaintiff, "damage to [plaintiff's] reputation" from "press releases defaming his reputation" deemed a defamation claim "for which the United States has not waived sovereign immunity.").

     Plaintiff's defamation, libel and slander claims fail as a matter of law because the federal government expressly has not waived its sovereign immunity for such claims. 28 U.S.C. § 2680(h); see also Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 742-43 (9th Cir. 1991) (describing limitations to the right to bring suit under the FTCA, including § 2680(h)'s jurisdictional exception for "[a]ny claim arising out of ... libel [or] slander").

    **C.**    **Dismissal Without Leave to Amend**

    The Court is mindful that, as a *pro se* litigant, plaintiff usually should be provided with notice of the deficiencies of the FAC and an opportunity to amend to correct the deficiencies.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot

be cured by amendment). Further, because plaintiff is appearing *pro se,* the Court must construe the allegations of the complaint liberally and must afford plaintiff the benefit of any doubt. See Karim–Panahi, 839 F.2d at 623. These rules are of particular importance in a civil rights case, such as here, filed by a *pro se* inmate to protect his access to the courts. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir.2013) (the rule that courts liberally construe filings by *pro se* litigants, especially in civil rights cases filed by inmates, "relieves *pro se* litigants from the strict application of procedural rules"); Pouncil v. Tilton, 704 F.3d 568, 575–76 (9th Cir.2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts"); Alvarez v. Hill, 518 F.3d 1152, 1158 (9th Cir.2008) (because a prisoner was proceeding *pro se,* "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint' ") (alteration in original). That said, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," Bruns v. National Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), and the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004).

Because this defect cannot be cured, any amendment would be futile. In such a case, there is no need for the Court to prolong this litigation by providing plaintiff an additional opportunity to amend that could only prove futile. See, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir.2002) (no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. PathoGenesis Corp., 284 F.3d 1027, 1039 (9th Cir.2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment."); Klamath–Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) ("futile amendments should not be permitted"). Therefore, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

///
///
///

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed, without leave to amend; and
2. Defendant's motion to dismiss, filed on May 24, 2022 (ECF No. 7), be denied as unnecessary.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 5, 2022**

UNITED STATES MAGISTRATE JUDGE